UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IMADE ANTHONY OSARINMWIAN, §
§
     Plaintiff, §
VS. §   CIVIL ACTION NO. C-12-266
§
GREG ABBOTT, *et al*, §
§
     Defendants. §

## OPINION AND ORDER DENYING MOTION FOR CERTIFICATION

Plaintiff filed this lawsuit pursuant to 42 U.S.C.§ 1983, alleging that officials at

TDCJ's Garza West Unit in Beeville were deliberately indifferent to his serious medical

needs by refusing him medical treatment and injecting chemicals in his food.  He has

been granted leave to proceed *in forma pauperis* and an evidentiary hearing will be

scheduled during October.  Plaintiff is presently in the custody of the Immigration

authorities in Gadsden, Alabama, and has moved this court for a certification, pursuant to

8 CFR 214.14, that he is a victim of a crime and eligible for issuance of a U-1 non-

immigrant VISA (D.E. 11).

The United States Customs and Immigration Service (USCIS) has exclusive

authority over petitions for U immigration status.  8 CFR 214.14(c).  Plaintiff must

include in his petition a certification from a law enforcement agency or state or federal

judge that he is a victim of a designated crime.  8CFR 214.14(c)(2).  Plaintiff's

uncorroborated allegations in this lawsuit seeking monetary damages are insufficient to

warrant issuance of the certification he seeks.  This case is in its early stages, and there

has been no screening of the case pursuant to 28 U.S.C. § 1915, no service of process on

defendants, no opportunity by defendants to respond to plaintiff's allegations, and no

finding by a jury or court that the events plaintiff complains of actually occurred, or even

if such events occurred, no finding as to whether the events would qualify for

certification pursuant to the regulation.

If plaintiff is the victim of criminal activity violating state law and occurring in

Beeville, Texas, plaintiff should contact local law enforcement in the Beeville area to file

his complaint.  If plaintiff has been the victim of criminal activity violating federal law,

plaintiff should contact the Corpus Christi office of the Federal Bureau of Investigation.

Those law enforcement agencies qualify as appropriate entities to provide a certification

to USCIS, if in the opinion of the agency officials, plaintiff is the victim of qualifying

criminal activity.  8 CFR 214.14(a).

Plaintiff's allegations in this civil lawsuit are not sufficient to trigger any

obligation on the part of this court to issue a certification in support of plaintiff's non-

immigrant VISA application.  Accordingly, plaintiff's motion for certification (D.E.11) is

denied.

ORDERED this 13th day of September, 2012.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE